Miscellaneous Business Docket Judge
For The
United States District Court
For The District of Massachusetts
Boston Division

United States of America
Petitioner
              vs                        Civil Case No. _____
Joseph Marion Head
Reg. No. 17549-056
Respondant

Motion To Allow And File And Process The Notice of Appeal Herewith As Written Or Appoint Counsel To Write It And To Represent The Appeal. Futher Appoint Counsel For Said Appeal, 18 U.S.C. 3006A.

This Notice of Appeal Etc. Is Presented In Good Faith And For Just Cause And For Just Reasons, Relief And Release Most Likely Will Be Ordered By The Appeals Court On This Appeal. Ask Judge Stearns What He Thinks About This Appeal Etc.? He Overreacted as to me prior, denying me, etc., Don't you and the appeals court think so also?

Signed, Joseph Marion Head Junior aforesaid, 12-24-04
Apply The aforesaid As Notorized, 12-24-04
    Joseph Marion Head Junior aforesaid,

Joseph McDonald Gardner

Reg. No. 17549-056

Unit - N-2 Cell 219

Federal Medical Center Devens

Post Office Box 879

Ayer, Massachusetts, 01432

To: Richard H. Stearns (Judge)
To: Miscellaneous Business Docket
To: United States District Court
1 Courthouse Way - Suite 2
Boston - Massachusetts, 02

Legal Mail

DATE: _____
The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return to the enclosure to the above address.
Federal Medical Center
Devens, Massachusetts 01432

United States District Court
For The District of Massachusetts
Boston Division

| | |
|---|---|
| United States of America<br>Petitioner<br>vs<br>Joseph Marion Head<br>Reg. No. 17549-056<br>Respondent | Civil Case Number,_____<br>18 U.S.C. 4245(d) Committment And<br>Etc. Relating Thereto, Institution-<br>ally And Otherwise As Known. |

Notice Of Appeal In Forma Pauperis And Motion For Appointment of Competent And Effective Counsel For The Appeal Aforsaid.

Now Comes, Joseph Marion Head Junior Reg. No. 17549-056 who is the respondent in the above entitled cause who hereby gives notice of appeal to the final orders of the District court judge entered Nov. 17th. 2003 in the above entitled cause. This appeal is Untimely but for good cause and legal reasons stated, the court should allow this appeal now and appoint counsel to prefect and represent said appeal.

Appellant further objects to the judgments and orders of the district court judge and to his findings of fact, etc entered in and relating to the aforsaid committment and etc relating thereto, institutionally and otherwise as known and learned of relating hereto.

Appellant Moves The Courts To Allow Presented On This Appeal The Herein Related By The

Restricted Spending Limit: $0.00
Restricted Expended Amount: $0.00
Restricted Remaining Spending Limit: $0.00
Restriction Start Date: N/A
Restriction End Date: N/A

**Item Restrictions**

List Name    List Type    Start Date    End Date    Userid    Active

# Comments

**Comments:**

Appellant himself, pro se, without legal assistence in relating and asserting same herein. And the courts relating to each of same grant to appellant a liberal construction given each the highest consideration etc. as if same was presented by an attorney at law. See Amenend. 5, 14, 1, 6, and Green vs United States 260 F.3d. 78, 83 (2d. Cir. 2001) Haines vs Kerner, 404 U.S.C. 519, 520-21 (1972) (per curiam)

Appellant Presents Herein FOR The Appeal The Below Listed Questions Etc. Related,

(1)
Was Appellants Rights To A Timely Appeal Violated By The District Court Judge Not Requiring A Form To Be Signed And Presented To The Court Stating Whether Or Not An Appeal Was Taken And The Reasons Why Taken Or Why Not Taken Timely.

(2)
Was Appellants Rights To A Timely Appeal Violated By The District Court Judge Not Asking Appellant If He Wanted To Appeal Or Not, Prior To Appellant Leaving The Court Room By Force Before The Hearing Ended?

(3)
Was Appellants Rights To A Timely Appeal Violated By Defense Counsel William E. Brown Not advising appellant of his rights to appeal and why, how?

| | |
|---|---|
| Outstanding Negotiable Instruments: | $0.00 |
| Administrative Hold Balance: | $0.00 |
| Available Balance: | $50.70 |
| National 6 Months Deposits: | $252.84 |
| National 6 Months Withdrawals: | $202.22 |
| National 6 Months Avg Daily Balance: | $5.86 |
| Local Max. Balance - Prev. 30 Days: | $50.70 |
| Average Balance - Prev. 30 Days: | $10.16 |

## Commissary History

**Purchases**

| | |
|---|---|
| Validation Period Purchases: | $71.75 |
| YTD Purchases: | $133.35 |
| Last Sales Date: | 12/7/2004 12:28:26 PM |

**SPO Information**

| | |
|---|---|
| SPO's this Month: | 0 |
| SPO $ this Quarter: | $0.00 |

**Spending Limit Info**

| | |
|---|---|
| Spending Limit Override: | No |
| Weekly Revalidation: | No |
| Spending Limit: | $340.00 |
| Expended Spending Limit: | $34.75 |
| Remaining Spending Limit: | $305.25 |

## Commissary Restrictions

**Spending Limit Restrictions**

(3)

(4)

Did Defense Counsel William Brown Violate The Rights of Appellant By Failing To,

1 - Present evidence in favor of appellant to the court?

2 - Present witnesses in favor of appellant to the court, etc.?

3 - Records, evidence, witnesses, etc. relating to appellants state and federal court cases.

4 - Motion's to dismiss etc. relating to the aforsaid and etc. legal matters?

5 - Legal matters, etc. that would have entitled etc. relief and release on and relating to the state and federal cases of appellant.

6 - Was appellants rights to a timely appeal violated by Defense Counsel William E. Brown not writting to appellant and by not comming to visit appellant, after the hearing in District Court?

(5)

How many differnt ways and times could have the Courts and Defense Attorney, made sure that appellant was aforded his rights to appeal and to bail release and other types of release?

(6)

What legal and valid evidence and proof dose the Courts or any other person place or thing have or had which would prove that the Appellant, Wilfully, Delibertly and Knowingly waived or abandes a Known Right and or Priviledge, Ever In His Life Time To Appeals and Futher Reviews and Rehearings?

# Inmate Inquiry

PRINT

| | | | |
|---|---|---|---|
| Inmate Reg #: | 17549056 | Current Institution: | Devens FMC |
| Inmate Name: | HEAD, JOSEPH | Housing Unit: | N SOMP |
| Report Date: | 12/21/2004 | Living Quarters: | N02-219U |
| Report Time: | 10:35:50 AM | | |

General Information  |  Account Balances  |  Commissary History  |  Commissary Restrictions  :  Comments

## General Information

| | |
|---|---|
| Administrative Hold Indicator: | No |
| No Power of Attorney: | No |
| Never Waive NSF Fee: | No |
| Max Allowed Deduction %: | 100 |
| PIN: | 5438 |
| FRP Participation Status: | ExemptTmp |
| Arrived From: | |
| Transferred To: | |
| Account Creation Date: | 2/15/2002 |
| Local Account Activation Date: | 7/1/1991 |
| Sort Codes: | |
| Last Account Update: | 12/17/2004 5:29:19 AM |
| Account Status: | Active |
| ITS Balance: | $0.00 |

**FRP Plan Information**

FRP Plan Type    Expected Amount    Expected Rate

## Account Balances

| | |
|---|---|
| Account Balance: | $50.70 |
| Pre-Release Balance: | $0.00 |
| Debt Encumbrance: | $0.00 |
| SPO Encumbrance: | $0.00 |
| Other Encumbrances: | $0.00 |

(4)

(7)

Was appellants rights and priviledges violated, as related and asserted and represented, as to appellants prior charges and prior convictions and as to how same was applied as to the federal sentences of appellant and the upward departure? See all prison and court records relating to appellant and etc relating thereto?

(8)

What relief and release is and was the appellant entitled to, based on and relating to the courts, etc, judgments, opinions, orders, in other cases that would and dose legally apply to appellants cases, State, Federal, etc, as known by the courts and judges, justices, governments attorneys?

(9)

Was appellants rights violated by the court appointed attorney not withdrawing from appellants case as requested and as demanded to do, by appellant prior to the hearing and at the hearing in District court in Boston Massachusetts and By The Court Not Ordering Him To Withdraw?

(10)

Was William Brown afforded sufficient time to prepare to represent appellant at the Hearing in District court and Etc, Relating thereto? See State N.C. v Merka 1969 case, Denial of Effective Assistance of

# STATEMENT OF INDIGENCY

## Request To Waver Or Defer Payments

I do hereby swear, under penalty of perjury, that the following information is true and correct.

I, *Joseph Marion Head Junior* do assert that my income prevents me from paying any fees while incarcerated due to the fact that I only earn $ *20.00 about* per month at my current work assignment.

By my not being able to afford to pay any unreasonable payments, it adversely affects my ability to research information which could help with any appeal or liberty interest. Any other payments that may have been made in the past have been made with the assistance of family members who cannot afford to help with, nor is it their responsibility to do so.

In the event a full waver of payments is not feasible, I would agree to, and fully intend to, pay the fees required. However, I would request a deferment of such payments until such time as I am on Supervised Release, at which time I will have an opportunity to obtain meaningful and gainful employment.

Respectfully submitted this *24th* day of *Dec*, 2*004*.

Name: *Joseph Marion Head Junior*
Number: *17549-056*
F.M.C. Devens, Unit: *N-2 Cell 219*
P.O. Box 879
Ayer, MA  01432

---

1. Please see copy of account for previous six (6) months.

counsel because of insufficient time to prepare.

(11)

Appellant dose not have a copy of the prison nor court records relating to him nor his court cases nor his commitments. Why? See all prison and court records, etc persons, places and things relating thereto, as to, Why? Same as to law books etc relating to rights to access to the courts and other rights and priviledges and Human rights, prior, present, hereinafter? What futher questions etc. could be presented by appellant and or on appellants behalf relating to the afoasaid and etc. with in and or relating to the records etc., oforsaid?

(12)

Is appellant legally competent to represent this appeal and etc. prior, from 1973 forward or must the court appoint counsel to represent him now and should have prior and did not and why not? Or Will the Court Have to Answer all the Questions Presented, Based On The Court Records, Etc. Ordered By The Court? See all Prison and Court Records as To All Relief Prior Demanded By Appellant and on his behalf.

Signed, Joseph Marion Head Junior 17549-056
Dec. 24th, 2004

District Court for the District of Massachusetts; and it is further

ORDERED that if petitioner Joseph Marion Head undertakes to file any additional papers in this Court, he shall file a written petition seeking leave of court to do so. The petition must contain a copy of this Memorandum and Order, together with the papers sought to be filed, and a certification under oath that there is a good faith basis for their filing. The Clerk of Court shall accept the documents, mark them received, and forward them to the Miscellaneous Business Docket Judge for action on the petition; and it is further

ORDERED that petitioner Joseph Marion Head is advised that failure to comply with these requirements may result in the imposition of additional sanctions, including monetary fines.

SO ORDERED.


Dated at Boston, Massachusetts, this 8th day of December, 2004.


/s/ Richard G. Stearns
RICHARD G. STEARNS
UNITED STATES DISTRICT JUDGE

3

 

**UNITED STATES DISTRICT COURT**
OFFICE OF THE CLERK
JOHN JOSEPH MOAKLEY COURTHOUSE
1 COURTHOUSE WAY, SUITE 2300
BOSTON, MASSACHUSETTS 02210

December 14, 2004

Mr. Joseph M. Head, Jr.
Reg. No. 17549-056
FMC Devens
P.O. Box 879
Ayer, MA  01432

Dear Mr. Head:

The Clerk received your correspondence seeking information on the three notices of appeal you recently filed.

The Court's records indicate that by Order dated November 30, 2004, Judge Stearns ordered the clerk to enter the Notices of Appeal in the following actions: (1) <u>Head v. United States, et al.</u>, C.A. No. 04-40089-RGS; (2) <u>Head v. Unknown Parties, et al.</u>, C.A. No. 04-40090-RGS; and (3) <u>Head v. America, et al.</u>, C.A. No. 04-40103-RGS.

Enclosed please find courtesy copies of the docket sheets for these three cases and note that the docket for each case indicates the case is on appeal. After the district court transmits the files to the Court of Appeals for the First Circuit, you will be notified of the appeals court case numbers.

Finally, I am enclosing a copy of the December 8th Memorandum and Order issued by Judge Stearns in <u>Head v. Winn</u>, C.A. No. 04-40084-RGS. This order requires you to obtain approval of the Miscellaneous Business Docket Judge before filing any documents with this Court. In the future, if you wish to file any documents in the District of Massachusetts, the Memorandum and Order requires you to file a written petition accompanied by a copy of the December 8th Memorandum and Order together with the papers sought to be filed and a certification under oath that there is a good faith basis for their filing.

I hope that this letter addresses your concerns,

Barbara Morse
Pro Se Office

pleading concerning the denial of a petition for writ of certiorari by the Supreme Court of the United States, to be duplicative of the claims raised in Civil Action Nos. 04-40042-RGS and 04-40084-RGS. Because I find these documents to be duplicative and malicious under the authority of 28 U.S.C. § 1915A,[2] the court will direct the clerk to return these documents to Joseph Marion Head.

ORDER

Based upon the foregoing, it is hereby

ORDERED that in accordance with this Court's order dated September 17, 2004, the clerk shall return to Joseph Marion Head the documents submitted for filing since September 17, 2004; and it is further

ORDERED that petitioner Joseph Marion Head be precluded from filing any additional papers, claims, cases, files, complaints, or anything resembling those pleadings, or any other documents in the United States District Court for the District of Massachusetts, in any manner, way or form, without first obtaining the prior written approval of the Miscellaneous Business Docket Judge of the United States

---

[2] 28 U.S.C. § 1915A provides in pertinent part:
(a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity.
(b) Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the
complaint--
(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH MARION HEAD,        )
            Petitioner,    )
                           )
     v.                    )   C.A. No. 04-40084-RGS
                           )
DAVID L. WINN,             )
            Respondent.    )

MEMORANDUM AND ORDER

By Order dated September 17, 2004, the court instructed the Clerk to docket no further filings submitted by Joseph Marion Head without the prior approval of the court. See 9/17/04 Order, Docket No. 5.

For the reasons set forth below, the Clerk is directed to return to petitioner the documents that were received for filing after the issuance of the court's September 17th Order.

DISCUSSION

Petitioner Joseph Marion Head is a federal prisoner[1] now confined to FMC Devens in Ayer, Massachusetts. Despite the issuance of an injunction on September 17th, Mr. Head has continued to submit documents for filing. Upon review of these submissions, the court finds the documents, save one

---

[1] Petitioner is now serving a 360-month sentence that was imposed pursuant to his convictions on nine counts of mailing threatening communications in violation of 18 U.S.C. § 876. See United States v. Head, No. 98-cr-102-ALL (W.D. N.C. Sept. 12, 2001).