U.S. Ct. App. Re. Case No. 05-1048, 05-1049, 05-1050, Appellant, Head (V) As Related of court Records Attention, U.S.D. Ct. Judge, Tauro, of Boston Massachusetts And Each Government Attorney.

# CONSPERICY

False Imprisonment Or Kidnaping Etc..

## Violations of The Right To Appeal

Counsel must discuss the right to appeal with his client and must file a timely notice of appeal on his clients behalf. Failure To file a notice of appeal on behalf of his client, absent the clients explicit instruction not to do so, violates ethical obligations and obligations imposed on counsel appointed to cases pursuant to the criminal justice Act. If counsel is unable to represent the client in the court of appeals, after filing the notice of appeal, counsel may request leave to withdraw and assignment of a new attorney.

Failure of counsel to take simple steps of filing notice of appeal per his clients request that he do so, constituted ineffective assistence of counsel and a deprivation of the right to appeal and other rights violated thereby also. Glouser v United States, S.D. Iowa 1970, 318 F. Supp 175 United States v Smith, C.A. 6 (Mich. 1967) 387, F. 2d. 268. And Strickland v Washington 1984.

Failure by an attorney to perfect an appeal where the client has indicated a desire to appeal, Sincex v United States, 571 F. 2d. 876, 879-80, 5th. Cir 1978. Strickland v Washington 1984.

(2)

Appellant, Head, told his court appointed attorney, Mr. Willam A. Brown, prior to the 18 U.S.C. 4245(d) hearing. Nov. 17, 2003 U.S.D. Ct, Boston, Ma., that if he was committed, he wanted to appeal same and wanted Mr. Brown to fill notice of appeal and appeal same on the behalf of Head, his client, by court appointment not by Head's choice of counsel to represent him. Head is an indigent person. Mr. Brown told Head that he would file notice of appeal and appeal the committment, if, Head was committed. Mr. Brown did not do what he said he would do, as aforsaid. Nor did he file a petition 28 U.S.C. 2241 for Head, Nor a motion 18 U.S.C. 4245(e), 4247(4)

That at the aforsaid hearing, Mr. Brown presented No evidence nor witnesses on Head's behalf and did not allow Head to testify in his own behalf, nor allowed Head to talk to Mr. Brown During Nor after the hearing. See, 18 U.S.C. 4245 and 4247 as to the aforsaid.

Head tried to get Mr. Brown Removed and Replaced and the judge would not do it nor allowed a Hibird Defense. Head tried to get Mr Brown to withdrawal from his case, several times and Mr. Brown Did Not Do So, Why Etc. To Aforsaid. Signed, Joseph Marion Head Junior (4-21-05)

Sig. ed; Joseph Marion Head Junior Appellant
4 - 21 - 05

U.S. Ct. App., 1st. Cir, Re: Appellant - Joseph
Marion Head Junior - Case Nos, 05-1048, 05-
1049 and 05-1050; Appellees failure
to move for a copy of all records etc
relating to the aforsaid cases because
appellant failed to or could not serve
appellees with a copy of the records etc
, entitles relief to be ordered in the
appellants favor, Fed. R. 57 Civ Proc.
28 U.S.C, 2201, 2202, Etc. Laws Eta.,
    Appellees did not make motion etc
to find out why appellant did not
serve them with a copy or if he
did and same was lost in mail
or not mailed by Government Staff.
Appellees Looked Only For Away
To Exscape Justise In Appellants
Favor Which Was Entitled Etc. And
did not pursue and aford judicial
protection for appellant as to the
matters presented and complained
of by appellant, Thereby futher
violating appellants rights etc
and laws, constitution and Human
Rights, Same did the Court by not
appointing appellant a team of
attorneys to represent him.
    Additional Relief Demanded By Head,
Each And All Valleys In and of American
Jurisdiction Be Ordered Personal And Privit
Property Of Appellant Forever.

**U.S. Department of Justice**

Civil Rights Division

168-36-0/230814

*Special Litigation Section - PHB*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*

April 12, 2005

Joseph Head, Jr.
#17549-056/ N-5 Cell 527
Federal Medical Center-Devens
P.O. Box 879
Ayer, MA   01432

Dear Mr. Head, Jr.:

Thank you for your correspondence. Under the Civil Rights of
Institutionalized Persons Act, 42 U.S.C. § 1997, the Special
Litigation Section of the United States Department of Justice has
authority to investigate complaints concerning conditions in state
or locally-operated institutions. These institutions include, but
are not limited to prisons, jails, mental retardation/developmental
disability facilities, juvenile facilities, mental health, and
publicly-operated nursing homes. When a systemic "pattern or
practice" of the deprivation of constitutional or statutory rights
is determined to exist, we have the authority to initiate civil
action in the name of the United States against state or local
officials to remedy such conditions.

The Section's authority does not extend to investigating the
personal grievances of a single individual. Moreover, the Section
is not authorized to represent individual citizens in legal matters
or to give them legal advice. Therefore, we are unable to provide
you with legal opinions or assistance with personal lawsuits or
legal matters. However, if you wish to pursue this matter further,
you might consider contacting a private attorney or a legal
services lawyer. This individual may assist you in determining
what, if any, remedies may be available to you.

We will consider your letter carefully along with other
information we may receive to determine whether a pattern or
practice investigation is warranted. If you have additional
details that you believe may be relevant to our review, we would
appreciate it if you would forward that information to us.

We hope this information is useful.   For additional
information, you may want to review our website:

http://www.usdoj.gov/crt/split/index.html

Sincerely,

Brian Lee
Special Litigation Section
Civil Rights Division

Junior
56

Marianne, this and that Please
own thing, World own Things, P.S.xxx
Marion and Ann together own
Name, Marianne Ruler, own
this name World Wide Cash Nation

(R. A. Stearns) Judge, lyk.
States Federal Judge, Arturo
other Federal Judge d'n Ma.
Courthouse Way, Suite 2300
Massachusetts - 02210

02210/30303

U. S. D. Ct., Judge, Tauro, In Boston Massachusetts.
Re. U.S.A. (vs) Head -17,549-056 Respondent
Counsel must discuss the right to appeal with
his client and must file a timely notice of appeal on
behalf of the client. Failure to file a notice of
appeal on behalf of the client, absent the clients
explicit instruction not to do so, violates
ethical obligations and obligations imposed on
counsel appointed to the cases pursuant to the
criminal Justice Act. If counsel is unable to
represent the client in the court of Appeals,
after filing the notice of appeal, counsel may
request leave to withdraw and assignment
of a new attorney,
Failure of counsel to take simple steps of filing
a notice of appeal per his clients request that
he do so, constituted ineffective assistance
of counsel and a deprivation of the right to
appeal and other rights also thereby. Flouser
v United States, S. D. Iowa 1970, 318 F. Supp. 175,
United States vs Smith, C. A. 6 (Mich 1967)
387, F. 2d. 268. Strickland v Washington 1984.
Failure by an attorney to perfect an appeal
where the client has indicated a desire
to appeal. Sinsox vs United States, 571 F. 2d.
, 876, 879-80 (5th cir. 1978) Strickland vs
Washington 1984.
Head prior to the Hearing Nov. 17, 2003 in the
Federal District Court in Boston Massachusetts,
told his court appointed attorney Mrs. Brown
, that if the court committed him, he want

2

ed to appeal same and wanted Mr. Brown to file notice of appeal for him and represent the appeal, Mr. Brown told Head that he would file the notice of appeal and represent the appeal if Head was committed. Head also had made several request and demands for Mr. Brown to withdrawal as court appointed counsel to Head's case, and Mr. Brown would not and did not do so. Head in open court moved the court to remove Mr. Brown from his court appointment to Heads case and the Judge would not do so. Why? Nor would the Judge order a Hibird defense, of Head's case.

That at the Hearing, Mr. Brown presented no evidence nor witnesses on behalf of Head and did not allow Head to testify in his own behalf. Nor would Mr. Brown allow Head to talk to him durning nor after the hearing. Why?

Which staff of F.M.C. Devens was and was not in court at the Hearings and why?

Mr. Brown did not file a petition 28 U.S.C. 2241 on behalf of Head. Why Not? Nor did Mr Brown file a motion 18 U.S.C. 4245 (C), 4247 (h) on behalf of Head. Why Not? Nor did Mr Brown give Head the records etc so he could proceed pro se, etc.

3

Relief Demanded Pro Se By Head.

1 — Court appoint Head counsel to fully and effectively represent Head.

2 — Disbar Mr. Brown as an attorney.

3 — U.S.A. seek criminal charges against all parties involved in the committ ment of Head.

4 — Order Head's lawful court release from custody, etc..

5 — Order Head legally paid a Lillion Dollars per each day committed and per each day in custody from 1973 forward.

6 — Grant and order all other relief Head prior demanded in State, Federal courts, tort and V.A. claims, in the past 31 years.

7 — Order such other relief the law allows, that Head will except himself pro se etc..

Signed, Joseph Marion Head Junior Reg. No. 7549-056, 4-22-and 21-05

Legal Mail
4-22-05

Joseph Marion Head junior
ID: 13749-056
5-200-594
Federal Medical Center Devens
P.O. Box 879
Ayer, MA, 01432

To: United States Federal Judge (Laura)
United States District Court
1 Courthouse Way, Suite 2300
Boston, Massachusetts, 02210



18 U.S.C. 4245(a) Right to
object to transfer was not
afforded to inmate. Heard why?

United States Federal Judge - Tauro
United States District Court
Courthouse Way Suite 2300
... Massachusetts, 02210
...on - Massachusetts, 02210

02210/3025